**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Bank of New York Mellon Trust Co. N.A., not in its individual capacity but Solely as Trustee on behalf of the FDIC 2013-N1 Asset Trust, Respondent,

v.

Cornell Riley, Appellant.

Appellate Case No. 2015-001543

_____

Appeal From Dorchester County
Diane Schafer Goodstein, Circuit Court Judge

_____

Unpublished Opinion No. 2017-UP-316
Submitted June 1, 2017 – Filed July 26, 2017

_____

**AFFIRMED**

_____

Cornell Riley, of Ladson, pro se.

Magalie Arcure Creech, of Finkel Law Firm LLC, of Charleston, for Respondent.

_____

**PER CURIAM:** Cornell Riley appeals the circuit court's order granting summary judgment, arguing the circuit court erred in granting the Bank of New York Mellon Trust's (Bank's) motion for summary judgment and in reversing its decision to grant Riley a jury trial because Bank failed to give him notice of default and

acceleration.  The note and mortgage provided that notice was deemed given when mailed by first class mail.  Accordingly, we affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities: *Turner v. Milliman*, 392 S.C. 116, 121-22, 708 S.E.2d 766, 769 (2011) ("When reviewing a grant of summary judgment, appellate courts apply the same standard applied by the trial court pursuant to Rule 56(c), SCRCP."); *id.* at 122, 708 S.E.2d at 769 (providing summary judgment is warranted "when the pleadings, depositions, affidavits, and discovery show there is no genuine issue of material fact and the movant must prevail as a matter of law"); *Carolina All. for Fair Emp't v. S.C. Dep't of Labor, Licensing, & Regulation*, 337 S.C. 476, 485, 523 S.E.2d 795, 799 (Ct. App. 1999) ("The party seeking summary judgment has the initial burden of demonstrating the absence of a genuine issue of material fact."); *id*. at 485, 523 S.E.2d at 799-800 ("Once the party moving for summary judgment meets this initial burden, the non-moving party cannot simply rest on the mere allegations or denials contained in the pleadings.  Rather, the non-moving party must come forward with specific facts showing there is a genuine issue for trial." (citation omitted)); *Turner*, 392 S.C. at 122, 708 S.E.2d at 769 ("[T]he evidence and all reasonable inferences must be viewed in the light most favorable to the non-moving party." (quoting *Fleming v. Rose*, 350 S.C. 488, 493-94, 597 S.E.2d 857, 860 (2002))); *BPS, Inc. v. Worthy*, 362 S.C. 319, 326, 608 S.E.2d 155, 159 (Ct. App. 2005) ("[W]hen plain, palpable, and indisputable facts exist on which reasonable minds cannot differ, summary judgment should be granted.").

**AFFIRMED.**

**LOCKEMY, C.J., and HUFF and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.